LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
lunsfordp001@hawaii.rr.com
Telephone: (808) 543-2055
Fax: 543-2010

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHERYL WILKINSON, MICHAEL WARREN   Plaintiffs, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO.  COMPLAINT |
| vs. | | |
| ASSOCIATION OF APARTMENT OWNERS OF THE VILLA ON EATON SQUARE; HAWAIIAN PROPERTIES, LTD; AG/POP PBN, LLC; PARALLEL CAPITAL PARTNERS, INC.; ABM PARKING SERVICES, INC.   Defendants | | |

Plaintiffs CHERYL WILKINSON and MICHAEL WARREN, through their undersigned counsel, aver and allege as follows:

## I. JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violations of Title VIII of the 1968 Civil Rights Act as amended in 1988, 42 U.S.C. § 3601 through § 3619, commonly known as the Fair Housing Act.

2. This Court has supplemental pendant jurisdiction pursuant to 28 U.S.C. § 1367 over the parallel state laws codified in Hawaii Revised Statutes Chapter 515.

## II. VENUE

3. Venue is proper in the District of Hawaii because all events material hereto occurred in the State of Hawaii.

## III. PARTIES

4. Plaintiff CHERYL WILKINSON is a 100% Veterans' Administration-rated disabled U.S. Army combat veteran who owns and resides in Unit 3509 in the Villa on Eaton Square, 400 Hobron Lane, Honolulu, Hawaii 96815 [hereinafter "the project"]. Each unit of the project's several hundred units has the property right to an unassigned parking space in the project's parking garage.

5. Plaintiff MICHAEL WARREN is a 40% Veterans' Administration-rated disabled U.S. Army combat veteran who also owns and resides in Unit 3509. WARREN is associated by marriage with WILKINSON and also experienced the adverse effects of the defendants' alleged fair housing violations.

Collectively WILKINSON and WARREN are hereinafter "the plaintiffs".

6. Defendant ASSOCIATION OF APARTMENT OWNERS OF THE VILLA ON EATON SQUARE [hereinafter "AOAO"] is a condominium association duly registered with the State of Hawaii Department of Commerce and Consumer Affairs as Project #394. It owns the project's parking garage.

7. Defendant HAWAIIAN PROPERTIES, LTD. is a domestic for-profit corporation duly registered with State of Hawaii Department of Commerce and Consumer Affairs, Business Registration Division. It manages the project on behalf of the AOAO.

8. Defendant AG/POP PBN, LLC [hereinafter "AG/POP"] is a foreign limited liability company duly registered with State of Hawaii Department of Commerce and Consumer Affairs, Business Registration Division. It is the holder of the license for the project's parking garage.

9. Defendant PARALLEL CAPITAL PARTNERS, INC. is a foreign for-profit corporation duly registered with State of Hawaii Department of Commerce and Consumer Affairs, Business Registration Division. It is AG/POP's asset manager, including management of the license for the project's parking garage.

10. Defendant ABM PARKING SERVICES, INC. is a foreign for-profit corporation duly registered with State of Hawaii Department of Commerce and Consumer Affairs, Business Registration Division. It provides parking management and operational services for the project's parking garage on behalf of AG/POP.

Collectively the AOAO, HAWAIIAN PROPERTIES, AG/POP, PARALLEL CAPITAL PARTNERS and ABM are hereinafter "the defendants".

## IV. FACTS

11. Before June 2013 when the plaintiffs moved into the project and at all time thereafter WILKINSON has had a variety of disabling conditions. Therefore as soon as they took up residency they provided the AOAO and its agent, HAWAIIAN PROPERTIES, with documentation of WILKINSON's disability status and need for a service animal, requesting that documentation be secured in their tenant file.

12. To cope with her conditions WILKINSON had at all times material hereto a professionally-trained service animal named Peaches. Peaches always wore a service animal vest that so identified her.

13. Although WILKINSON cares for her service animal most of the time, when she is physically unable to do so, WARREN takes over, including leading Peaches off of the project's property to relieve itself.

14. On numerous occasions, continuing up to the present, the AOAO and HAWAIIAN PROPERTIES interfered, harassed, intimidated, and expressed hostility about the plaintiffs' exercise of their fair housing rights through the actions of its board of directors and/or the project's hired staff. The AOAO's and HAWAIIAN PROPERTIES' conduct fostered hostility that encouraged residents to challenge the plaintiffs' efforts to secure fair housing rights and specifically to keep Peaches and handle her in accordance with the service animal training they had received.

15. AOAO and HAWAIIAN PROPERTIES repeatedly and as recently as this month violated the plaintiffs' fair housing rights by remonstrating them and/or not deterring others from remonstrating them for not carrying Peaches through the project's common areas.

16. AOAO and HAWAIIAN PROPERTIES repeatedly and as recently as this year harassed and/or did not deter others from harassing the plaintiffs for having Peaches by frequently questioning them about what specific medical conditions require them to have Peaches and what specific assistance Peaches renders.

17. AOAO and HAWAIIAN PROPERTIES repeatedly and as recently as this year intimidated and/or not deter others from intimidating the plaintiffs by refusing to acknowledge that fair housing law accords them the right to have a service animal and insisting that adverse repercussions for their exercising their fair housing rights were possible.

18. AOAO and HAWAIIAN PROPERTIES repeatedly and as recently as this year exhibited implicit hostility toward the plaintiffs by not publicly acknowledging plaintiffs' fair housing rights. Accordingly the AOAO and HAWAIIAN PROPERTIES did not act reasonably to deter residents from expressing hostility by giving them stink-eye and/or by making sounds connoting disapproval and displeasure in the lobby or in the elevator.

19. AOAO and HAWAIIAN PROPERTIES denied for an inordinate time and until as recently as last year the plaintiffs' requested accommodation to make the board of directors' meetings and project-wide activities accessible for the residents with disabilities who wanted to attend such meetings/activities but found it difficult to do so because of the wholly inaccessible location chosen.

20. After moving in WILKINSON frequently had difficulty ambulating the distance to or from the space where her car had been parked. So as an accommodation for WILKINSON's disability the plaintiffs requested that she be assigned a reserved parking space near the

project's residential building's door to and from the garage. Plaintiffs brought their requested accommodation to the attention of the AOAO and its agent, HAWAIIAN PROPERTIES, and ABM, the agent of AG/POP and PARALLEL CAPITAL PARTNERS. Plaintiffs were informed their requested accommodation was either another defendant's responsibility and/or was prohibited by the project's governing documents.

21. AOAO, HAWAIIAN PROPERTIES, ABM, AG/POP and PARALLEL CAPITAL PARTNERS constructively denied the plaintiffs' repeated requests for an accommodation to designate an accessible parking space in the project's parking garage for WILKINSON to accommodate her disabling conditions by failing to engage in an interactive dialogue with each other and the plaintiffs about who controlled, managed and operated the project's parking garage in order to consider providing the plaintiffs' requested accommodation.

22. Ultimately the defendants directly and indirectly through their agents knowingly, deliberately, willingly, and intentionally denied for an inordinate time the plaintiffs' request for a designated parking space, claiming the project's Declaration of Horizontal Regime and/or the parking garage license prohibited them from designating any parking space for an individual despite the fact that such designation had been done previously. Late last year, more than two years after the plaintiffs' initial request, the defendants finally provided that accommodation.

23. The defendants' actions and inactions set forth herein proximately caused adverse physical and non-physical effects that collectively injured the plaintiffs in ways and to an extent to be shown at trial.

## V.  CLAIMS

24. Plaintiffs allege the unit they own in the project is a "dwelling" under 42 U.S.C. § 3602(b) and the Fair Housing Act as amended applies.

25. Plaintiffs allege WILKINSON had at all material time a "handicap" or using the more widely accepted term, "disability", because she had multiple disabling conditions that substantially limited a number of her major life functions, and therefore she is covered under 42 U.S.C. § 3602(h) and HRS 515-2.

26. Plaintiffs allege WARREN was at all material times associated with WILKINSON as an "aggrieved person" pursuant to 42 U.S.C. 3602(i)(1) and therefore is covered by 42 U.S.C. 3604(f)(2)(C).

27. Plaintiffs allege the defendants discriminated against them in a real estate transaction as defined by HRS § 515-2 by materially affecting the terms applicable to the sale of real property, namely Unit 3509 in the project.

28. Plaintiffs allege the defendants discriminated against them based on disability, committing acts that are prohibited by HRS § 515-3.

29. Plaintiffs allege that one parking space in the project's garage is a real property interest appurtenant to Unit 3509.

30. Plaintiffs allege the defendants' ownership, control, management, operation and servicing of the project's parking garage constitutes engagement in a real estate transaction deriving from the plaintiffs' purchase of Unit 3509 with its right to a garage parking space.

31. Plaintiffs allege the AOAO, and its agent, HAWAIIAN PROPERTIES, violated and continued to violate until last year 42 U.S.C. § 3604(f)(2) and HRS § 515-3(2) by needlessly delaying provision of their requested accommodation for an opportunity for WILKINSON and other

disabled residents to participate in the project's Board of Directors' meetings and other project-wide activities.

32.    Plaintiffs allege the AOAO, and its agent, HAWAIIAN PROPERTIES, violated 42 U.S.C. § 3617 and HRS 515-16(6) and continue violating those statutes by intimidating them by failing to effectively combat hostile actions/reactions caused by the presence of Peaches; by implicitly threatening them with adverse consequences for having Peaches; by blatantly ignoring the documentation of WILKINSON's qualification for their requested accommodations while postponing provision of them for an inordinate time; by persistently harassing them about their right to keep a service animal, and by interfering with their enjoyment of their residency.

33.    Plaintiffs allege the defendants violated and continue to violate 42 U.S.C. § 3604(f)(2) and HRS 515-3(2) by maintaining illegal provisions in the parking garage license that preclude a reasonable accommodation such as reserving a designated accessible parking space for WILKINSON.

34.    Plaintiffs allege the defendants violated 42 U.S.C. § 3604(f)(3)(B) and HRS § 515-3(9) by refusing until last year to adopt a policy that would permit approval of the plaintiffs' requested accommodation for a reserved, assigned accessible parking space close to the entrance to and exit from the project's parking garage that was necessary to mitigate WILKINSON's disability.

35.    Plaintiffs allege the defendants violated and continue to violate 42 U.S.C. § 3604(f)(3)(B) and HRS § 515-3(9) by failing to adopt a policy that they were and are obligated to conduct an interactive dialogue about the plaintiffs' requested accommodations with themselves and the plaintiffs.

## VI.  RELIEF

36. Plaintiffs request a judgment in the favour of one or both of them and a judgment against one or more of the defendants.

37. Plaintiffs request equitable relief, enjoining one or more of the defendants from maintaining their discriminatory policies and requiring all the defendants to establish permanent training policies addressing the subject of fair housing under federal and state law.

38. Pursuant to 42 U.S.C. § 3613(c)(1) the plaintiffs request monetary compensation for actual damages sufficient to make them whole.

39. Pursuant to 42 U.S.C. § 3613(c)(2) the plaintiffs request an award of reasonable attorney's fees and costs of litigation.

40. Plaintiffs state for the record that they had timely filed a Charge with the Hawaii Civil Rights Commission, HCRC No. RE-O-1025 (Amended), have received their Notice of Dismissal and Right to Sue on March 18, 2016, and have filed this action in a timely fashion.

41. Plaintiffs request any further relief the course of litigation persuades the Court is appropriate and justified by the evidence adduced.

DATED: Honolulu, Hawaii, April 16, 2016

/s/ Lunsford Dole Phillips