SULLIVAN MEHEULA LEE
A Limited Liability Law Partnership

WILLIAM MEHEULA           (2277)
TERRENCE M. LEE           (2739)
DOROTHY-JEAN MEISNER  (10213)
745 Fort Street, Suite 800
Honolulu, Hawai'i  96813
Telephone:  (808) 599-9555
Facsimile:  (808) 533-2467
meheula@smlhawaii.com; lee@smlhawaii.com
meisner@smlhawaii.com

Attorneys for Defendants
AG/POP PBN, LLC and PARALLEL CAPITAL PARTNERS, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHERYL WILKINSON, MICHAEL WARREN,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE VILLA ON EATON SQUARE; HAWAIIAN PROPERTIES, LTD.; AG/POP PBN, LLC; PARALLEL CAPITAL PARTNERS, INC.; ABM PARKING SERVICES, INC.,<br><br>Defendants. | CIVIL. NO. 16-00175 DKW-KSC<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANTS AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52], AND ABM PARKING SERVICES, INC.'S JOINDER THERETO [DOC. 55], BE GRANTED<br><br>Hearing:<br>Date:  December 22, 2016<br>Time:  9:30 a.m.<br>Judge:  Magistrate Judge Kevin S.C.<br>            Chang |

**FINDINGS AND RECOMMENDATION THAT DEFENDANTS
AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S
PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT
PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52],
AND ABM PARKING SERVICES, INC.'S
<u>JOINDER THERETO [DOC. 55], BE GRANTED</u>**

Plaintiffs Cheryl Wilkinson and Michael Warren (collectively, "**Plaintiffs**") commenced this action on April 14, 2016, against Defendants Association of Apartment Owners of the Villa on Eaton Square ("**AOAO**"), Hawaiian Properties, Ltd. ("**HPL**"), AG/POP PBN, L.L.C. ("**AG/POP**"), Parallel Capital Partners, Inc. ("**PCP**"), and ABM Parking Services, Inc. ("**ABM**").

By and through their First Amended Complaint, filed April 28, 2016, Plaintiffs alleged Defendants AOAO, HPL, AG/POP, PCP, and ABM discriminated against Plaintiffs based on Plaintiff Wilkinson's disability by denying for an inordinate time Plaintiffs' alleged request(s) for a designated parking space as a reasonable accommodation, by maintaining illegal provisions in the parking garage license owned by AG/POP, by refusing to adopt a policy that would permit approval of Plaintiffs' alleged requested accommodation until last year, and by failing to adopt a policy that would require Defendants to engage in an interactive dialogue regarding Plaintiffs' alleged requested accommodation, in violation of Hawaiʻi Revised Statutes ("**HRS**") § 515-3 and the Fair Housing Act, 42 U.S.C. § 3604(f).  Plaintiffs also asserted separate and independent

discrimination claims against Defendants AOAO and HPL related to Wilkinson's service animal and AOAO board meetings.

Plaintiffs and Defendants AOAO, HPL, AG/POP, PCP, and ABM attended an early settlement conference on June 28, 2016 before the Court.  Plaintiffs and Defendants AG/POP, PCP, and ABM reached a tentative settlement at the early settlement conference.  In documenting the settlement, Plaintiffs and Defendants AG/POP, PCP, and ABM were unable to reach an agreement on specific settlement terms, resulting in a status conference on September 15, 2016 before the Court.

Counsel for Plaintiffs and Defendants AOAO, HPL, AG/POP, PCP, and ABM were present at the status conference.  During the course of the status conference, Plaintiffs and Defendants AG/POP, PCP, and ABM were able to agree on and finalize the terms of the settlement agreement.  At that time, a copy of the ten page settlement agreement and mutual release was provided to the Court and the settlement was placed on the record.  Because the terms of the settlement agreement are confidential, the settlement record and settlement agreement were sealed by the Court.

*Wilkinson, et al. v. Association of Apartment Owners of the Villa on Eaton Square, et al.*; Civil No. 16-00175 DKW-KSC; FINDINGS AND RECOMMENDATION THAT DEFENDANTS AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52], AND ABM PARKING SERVICES, INC.'S  JOINDER THERETO [DOC. 55], BE GRANTED

Thereafter on October 14, 2016, District Court Judge Derrick K. Watson approved the Stipulation for Dismissal with Prejudice as to Plaintiffs' Claims Against Defendants AG/POP PBN, L.L.C., Parallel Capital Partners, Inc., and ABM Parking Services, Inc., Stipulation for Dismissal without Prejudice of Defendants AG/POP PBN, L.L.C.'s and Parallel Capital Partners, Inc.'s Cross-Claim Against Defendants Association of Apartment Owners of the Villa on Eaton Square and Hawaiian Properties, Ltd., and Stipulation for Dismissal with Prejudice of Defendants AG/POP PBN, L.L.C. and Parallel Capital Partners, Inc.'s Cross-Claim Against Defendant ABM Parking Services, Inc. [Doc. 51].

On November 11, 2016, Defendants AG/POP and PCP filed a Petition for Approval of Good Faith Settlement Pursuant to HRS § 663-15.5 ("**Petition**"). Defendant ABM filed a Joinder to the Petition on November 4, 2016. Defendants AOAO and HPL filed a Statement of Position on December 1, 2016. No opposition to the Petition was filed.

The Petition came on for hearing before the Court on December 22, 2016. Lunsford Dole Phillips, Esq., appeared on behalf of Plaintiffs. Terrence M. Lee, Esq., appeared on behalf of Defendants AG/POP and PCP. John D. Zalewski,

*Wilkinson, et al. v. Association of Apartment Owners of the Villa on Eaton Square, et al.*; Civil No. 16-00175 DKW-KSC; FINDINGS AND RECOMMENDATION THAT DEFENDANTS AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52], AND ABM PARKING SERVICES, INC.'S  JOINDER THERETO [DOC. 55], BE GRANTED

3

Esq., and Jana M. Naruse, Esq., appeared on behalf of Defendants AOAO and HPL.

After careful consideration of AG/POP and PCP's Petition and supporting memorandum, ABM's Joinder thereto, the totality of circumstances, and the absence of opposition to the Petition, the Court hereby FINDS that the settlement between Plaintiffs and Defendants AG/POP, PCP, and ABM is in good faith and RECOMMENDS that a determination of good faith settlement be made.

## DISCUSSION

Pursuant to HRS § 663-15.5(a), a good faith settlement: (1) discharges the settling party of liability for contribution to joint tortfeasors; and (2) reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater[.]"  HRS § 663-15.5(b) provides that a party may petition the court for a determination on the issue of good faith of a settlement entered into by a plaintiff and one or more alleged joint tortfeasors.  Further, HRS § 663-15.5(d) provides that a determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity.

*Wilkinson, et al. v. Association of Apartment Owners of the Villa on Eaton Square, et al.*; Civil No. 16-00175 DKW-KSC; FINDINGS AND RECOMMENDATION THAT DEFENDANTS AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52], AND ABM PARKING SERVICES, INC.'S  JOINDER THERETO [DOC. 55], BE GRANTED

In <u>Troyer v. Adams</u>, 102 Hawaiʻi 399, 77 P.3d 83 (2003), the Hawaiʻi Supreme Court adopted the "totality of the circumstances" analysis for a trial court's determination of whether a settlement is made in good faith under HRS § 663-15.5. The "totality of the circumstances" approach is grounded in the underlying notion that HRS § 663-15.5 is intended to encourage settlements and the good faith provision merely provides the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor. <u>Id.</u> at 426, 77 P.3d at 110. Whether a settlement is made in good faith is determined by the states of mind of the settling parties, the circumstances the parties were aware of at the time of settlement, and what might or might not be proven at trial. <u>Id.</u> at 430, 77 P.3d at 114. The Hawaiʻi Supreme Court set forth a non-exclusive list of issues that a court may consider when deciding whether a settlement was made in good faith:

> (1) the type of case and difficulty of proof at trial, e.g., rearend motor vehicle collision, medical malpractice, product liability, etc.;
> (2) the realistic approximation of total damages that the plaintiff seeks;
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
> (4) the predicted expense of litigation;
> (5) the relative degree of fault of the settling tortfeasors;
> (6) the amount of consideration paid to settle the claims;
> 7) the insurance policy limits and solvency of the joint tortfeasors;

*Wilkinson, et al. v. Association of Apartment Owners of the Villa on Eaton Square, et al.*; Civil No. 16-00175 DKW-KSC; FINDINGS AND RECOMMENDATION THAT DEFENDANTS AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52], AND ABM PARKING SERVICES, INC.'S JOINDER THERETO [DOC. 55], BE GRANTED

5

> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.  Other factors may be considered when deciding whether a settlement was made in good faith.  Id.

Therefore, an agreement to settle a claim is made in good faith when the totality of the circumstances reflects the settlement was not collusive or aimed at injuring the interests of the non-settling parties.  "HRS Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment."  Doyle v. Hawaiian Cement, No. CIV.08-00017JMS/KSC, 2009 WL 1687022, at *2 (D. Haw. June 15, 2009).  The non-settling defendant opposing the petition has the burden of proof that the settlement agreement was not reached in good faith.  HRS § 663-15.5(b).

Given the totality of the circumstances and the absence of any opposition to the Petition, a finding of good faith settlement is appropriate here.  The Court has reviewed the factors set forth in Troyer v. Adams and finds that the essential terms of the settlement agreement meet the purpose of HRS § 663-15.5 and are

*Wilkinson, et al. v. Association of Apartment Owners of the Villa on Eaton Square, et al.*; Civil No. 16-00175 DKW-KSC; FINDINGS AND RECOMMENDATION THAT DEFENDANTS AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52], AND ABM PARKING SERVICES, INC.'S  JOINDER THERETO [DOC. 55], BE GRANTED

reasonable and in good faith.  Accordingly, the Court recommends that the District Court grant AG/POP and PCP's Petition and ABM's Joinder thereto.

## CONCLUSION

After careful consideration of AG/POP and PCP's Petition and ABM's Joinder thereto, and the totality of the circumstances, the Court hereby FINDS that the settlement between Plaintiffs and AG/POP, PCP, and ABM is in good faith and RECOMMENDS that a determination of food faith settlement be made and that AG/POP and PCP's Petition and ABM's Joinder thereto be GRANTED.

DATED:  Honolulu, Hawai'i, January 23, 2017.




Kevin S.C. Chang
United States Magistrate Judge

APPROVED AS TO FORM:

/s/ Lunsford Dole Phillips
LUNSFORD DOLE PHILLIPS, ESQ.

Attorney for Plaintiffs Cheryl Wilkinson
and Michael Warren

*Wilkinson, et al. v. Association of Apartment Owners of the Villa on Eaton Square, et al.*; Civil No. 16-00175 DKW-KSC; FINDINGS AND RECOMMENDATION THAT DEFENDANTS AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52], AND ABM PARKING SERVICES, INC.'S  JOINDER THERETO [DOC. 55], BE GRANTED

    /s/ Jana M. Naruse
    JOHN D. ZALEWSKI, ESQ.
    JANA M. NARUSE, ESQ.

    Attorneys for Defendants
    Association of Apartment Owners of the Villa on Eaton Square
    and Hawaiian Properties, Ltd.


    /s/ Leighton K. Oshima
    LEIGHTON K. OSHIMA, ESQ.

    Attorney for Defendant
    ABM Parking Services, Inc.

*Wilkinson, et al. v. Association of Apartment Owners of the Villa on Eaton Square, et al.*; Civil No. 16-00175 DKW-KSC; FINDINGS AND RECOMMENDATION THAT DEFENDANTS AG/POP PBN, L.L.C. AND PARALLEL CAPITAL PARTNERS, INC.'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663-15.5, FILED NOVEMBER 1, 2016 [DOC. 52], AND ABM PARKING SERVICES, INC.'S JOINDER THERETO [DOC. 55], BE GRANTED