```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

CHERYL WILKINSON; MICHAEL      ) CIVIL NO. 16-00175 DKW-KSC
WARREN,                        )
                               ) FINDINGS AND RECOMMENDATION TO
          Plaintiffs,          ) DISMISS ACTION
                               )
     vs.                       )
                               )
AOAO VILLA ON EATON SQUARE, ET )
AL.,                           )
                               )
          Defendants.          )
                               )
_____)
```

FINDINGS AND RECOMMENDATION TO DISMISS ACTION

On November 16, 2017, the Court held a Further Order to Show Cause hearing. Plaintiffs Michael Warren and Cheryl Wilkinson (collectively "Plaintiffs") failed to appear. Because it is clear that they are unwilling to prosecute this case and will continue to disregard deadlines, orders, and rules, the Court RECOMMENDS that this action be DISMISSED for the reasons articulated below.

BACKGROUND

As the parties and the Court are familiar with the history of this case, the Court includes only those facts pertinent to the recommendation of dismissal.

On June 13, 2017, the Court authorized the withdrawal of Plaintiffs' former counsel. Doc. No. 86. Mr. Warren appeared by phone at the hearing on the motion to withdraw. Plaintiffs were notified that they are personally responsible for complying

with all court orders and time limitations established by the applicable rules.

On August 4, 2017, the Court held a hearing on Defendants' motion to compel, which sought an order compelling Plaintiffs to produce signed medical authorization forms. Plaintiffs did not respond to the motion and did not appear at the hearing. The Court granted the motion and ordered Plaintiffs to sign, date and furnish the relevant medical authorization forms to defense counsel by August 14, 2017. Doc. No. 88 (August 4, 2017 oral ruling); Doc. No. 89 (August 11, 2017 order memorializing oral ruling). The Court cautioned Plaintiffs that their failure to comply with the Order might result in the imposition of sanctions, including dismissal of this action. Doc. No. 89.

On September 6, 2017, this Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute and failure to comply with the Court's August 11, 2017 Order. Doc. No. 93. The Court cautioned Plaintiffs that failure to appear at the OSC hearing would result in a recommendation that this action be dismissed. Id.

On September 12, 2017, in response to a reminder from defense counsel that medical authorization forms had yet to be provided, Ms. Wilkinson texted grainy photographs of two of the three medical authorization forms. Doc. No. 98 at 7, Ex. I.

During the course of communications between defense counsel and Ms. Wilkinson, Ms. Wilkinson represented that Plaintiffs had retained Missouri counsel.

On September 29, 2017, Mr. Warren requested a status conference and he submitted documentation regarding his relocation to Missouri. Doc. Nos. 99 & 101. Despite having requested the October 2, 2017 status conference and being notified of the same, Plaintiffs failed to appear. Mr. Warren had to be contacted by phone and the Court was unable to reach Ms. Wilkinson. Contrary to Ms. Wilkinson's representation to defense counsel, Mr. Warren informed the Court that Plaintiffs were still attempting to retain counsel.[1]

The Court continued the OSC hearing from October 6 to October 23, 2017 to facilitate Plaintiffs' efforts to obtain counsel. Plaintiffs never responded to the OSC and they failed to appear at the October 23, 2017 OSC hearing.

On October 23, 2017, the Court issued a Further OSC:

> The Court HEREBY ORDERS Plaintiffs to provide Defendants with **original signed medical authorizations** by **November 15, 2017.** Digital formats will not suffice. This is Plaintiffs' **final opportunity** to comply with the August 11, 2017 Order. Failure to do so will result in a recommendation that sanctions issue, including but not limited to dismissal of this action.

---

[1] To date, no attorneys have appeared, or attempted to appear, on Plaintiffs' behalf.

> A further OSC hearing will be held on
> November 16, 2017 at 9:45 a.m. Plaintiffs are
> ordered to appear at this hearing. If they wish
> to appear telephonically, they must submit a
> written request by November 9, 2017. As before,
> Plaintiffs are warned that their failure to appear
> will result in a recommendation that this action
> be dismissed. If Plaintiffs comply with the
> November 15, 2017 deadline, the further OSC
> hearing will be vacated.

Doc. No. 103.

On November 10, 2017, Defendants filed a Notice of Bankruptcy Petition Filed by Plaintiffs.[2] Doc. No. 111.

On November 14, 2017, the Court received an email[3] from Mr. Warren indicating that he and Ms. Wilkinson would sign medical authorization forms. The Court issued the following Entering Order ("EO") in response:

> EO: On 10/23/17, the Court issued a Further Order
> to Show Cause [103], which ordered Plaintiffs to
> provide Defendants with <u>original signed medical
> authorizations</u> by <u>11/15/17</u>. The Court cautioned
> Plaintiffs that it was Plaintiffs' final
> opportunity to comply with the Court's 8/11/17
> Order and that failure to do so would result in a
> recommendation that sanctions issue, including but
> not limited to dismissal of this action. On
> 11/14/17, the Court received an email from
> Plaintiff Michael Warren stating that he and
> Plaintiff Cheryl Wilkinson "have agreed to and
> granted permission to have our medical records
> from January 2013 to present released to the

---

[2] Insofar as this action was initiated by Plaintiffs (the debtors), 11 U.S.C. § 362(a)'s automatic stay provisions do not apply. <u>In re Miller</u>, 397 F.3d 726, 729 (9th Cir. 2005) ("The automatic stay is applicable only to proceedings against the debtor.").

[3] Defense counsel were also recipients of the email.

4

lawyer team only. If you require our written permission on a specific form, please forward the forms to me for us to fill out and return." Based on this email, sent <u>22 days after</u> the issuance of the Further OSC, Plaintiffs will not meet the 11/15/17 deadline to provide original signed medical authorizations. Even though Plaintiffs were twice served with the Further OSC, by first class mail and by email, they waited until the 11th hour to respond. This dilatory conduct is unacceptable. Plaintiffs have previously assured Defendants that they would provide[] executed medical authorization forms, but have yet to take any meaningful steps to do so. Because Plaintiffs have neither sought nor received an extension of time to provide the original signed medical authorizations, failure to provide the same by tomorrow will constitute yet another violation of a Court order.

In the Further OSC, the Court also ordered Plaintiffs to appear at the 11/16/17 OSC hearing and directed that any request to appear telephonically be submitted, in writing, by 11/9/17. At present, the Court intends to proceed with the OSC hearing. Plaintiffs having failed to request telephonic appearance, the Court expects Plaintiffs to appear in person. As the Court warned in the Further OSC, "failure to appear [at the hearing] will result in a recommendation that this action be dismissed." Doc. No. 103. Finally, although Plaintiffs claim to have moved to the mainland, they have not filed a change of address, in violation of Local Rule 83.1(h). Local Rule 83.1(h) ("A pro se party shall similarly file and serve on all other parties who have appeared in the action any change of address, and the effective date of the change. The notice required by this rule shall be filed within fourteen (14) days of the change."). Parties who fail to comply with this requirement may be subject to sanctions, "including but not limited to monetary fines, dismissal of the case, or entry of judgment." <u>Id.</u>

5

Doc. No. 112. Plaintiffs did not communicate with the Court or defense counsel in any form following the issuance of the EO, and have yet to produce original signed medical authorizations to defense counsel.

On November 16, 2017, the Court held the Further OSC hearing. Plaintiffs failed to appear.

DISCUSSION

Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to *sua sponte* dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."[4] Fed. R. Civ. P. 41(b); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

---

[4] FRCP 37(b)(2)(A)(v) would also provide a basis to dismiss this action. Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part.").

6

manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Although the Court recognizes that Plaintiffs are proceeding *pro se*, they are not exempt from complying with all applicable rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiffs' repeated violation of Court orders and rules, and failure to prosecute, the Court finds that the Pagtalunan factors support dismissal of this action.

A. Public's Interest in Expeditious Resolution

The public's interest in expeditious resolution of this litigation strongly favors dismissal. Pagtalunan, 291 F.3d at 642 (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). Plaintiffs' inaction, failure to comply with Court-imposed deadlines and orders, and failure to prosecute, are preventing the timely progression and resolution of this action.

B.  The Court's Need to Manage its Docket

For the same reasons discussed above, the second factor weighs heavily in favor of dismissal. Plaintiffs' failure to comply with Court orders and appear at proceedings has interfered with the Court's ability to manage its docket. The Court, not Plaintiffs, should control the pace of the docket. Yourish, 191 F.3d at 990. Indeed, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiffs]." Pagtalunan, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1261).

C.  The Risk of Prejudice to Defendants

Like factors one and two, the risk of prejudice to Defendants weighs in favor of dismissal. Plaintiffs' conduct will impair Defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case. Id. Defendants have made countless efforts since 2016 to secure executed medical authorization forms from Plaintiffs. These authorization forms are necessary to conduct discovery regarding Plaintiffs' claims. Due to Plaintiffs' inaction, Defendants have been unable to obtain relevant information critical to the preparation of their defense. The progression of this case has been severely hindered by Plaintiffs' dilatory conduct. The continued burden to Defendants, caused by the delays, would be unduly prejudicial.

D.  <u>Availability of Less Drastic Alternatives</u>

Under the present circumstances, the Court believes that less drastic alternatives would be ineffective. Plaintiffs have had multiple opportunities to provide executed medical authorization forms to Defendants, but have neglected to do so.[5] The Court has afforded Plaintiffs multiple opportunities to comply with the August 11, 2017 Order, and has scheduled hearings to allow Plaintiffs to explain their failures, all the while warning them about the consequences of their disobedience. It is only after providing multiple opportunities to cure violations with negative results, as detailed below, that the Court recommends dismissal.

- The Court's August 4, 2017 oral ruling ordered Plaintiffs to provide the medical authorization forms by August 14, 2017.[6]

- The Court's August 11, 2017 Order reiterated the August 14, 2017 deadline and warned Plaintiffs that disobedience of the order may result in the imposition of sanctions, including dismissal.

- The September 6, 2017 OSC ordered Plaintiffs to appear on October 6, 2017 to show cause why the case should not be dismissed for failure to prosecute and failure to comply with the August 11, 2017 Order. The Court cautioned Plaintiffs that failure to appear at the OSC hearing would result in a recommendation of dismissal.

---

[5] Even prior to the August 11, 2017 Order, they had agreed to provide the forms to Defendants.

[6] Although Plaintiffs did not appear at the hearing, defense counsel met and conferred with Plaintiffs' former counsel prior to filing the motion to compel, and had even offered an extension of time to provide the forms.

9

- At the October 2, 2017 status conference, <u>which was calendared at Mr. Warren's request</u>, Plaintiffs failed to appear and only Mr. Warren could be contacted by phone.

- The Court continued the October 6, 2017 OSC hearing until October 23, 2017 to provide Plaintiffs with additional time to retain counsel. Plaintiffs did not appear at the continued OSC hearing.

- The October 23, 2017 Further OSC granted Plaintiffs a final opportunity to provide the medical authorization forms by November 15, 2017. The Court again cautioned that failure to do so would result in a recommendation that sanctions issue, including but not limited to dismissal. Plaintiffs were additionally warned that their failure to appear at the Further OSC hearing on November 16, 2017 would result in a recommendation that this action be dismissed.

- Plaintiffs expressed their willingness to provide the medical authorization forms on November 14, 2017, but did not produce them by the November 15, 2017 deadline, nor anytime thereafter. Plaintiffs did not appear at the Further OSC hearing and never requested permission to appear telephonically. The November 14, 2017 EO informed Plaintiffs that they were expected to appear in person at the Further OSC hearing and reminded them that the Court would recommend dismissal if they failed to appear.

The foregoing series of events demonstrates that any attempt to compel Plaintiffs' appearance at hearings or compliance with Court orders is an exercise in futility. Lesser sanctions would not effectively address Plaintiff's contumacy. Even four threats of dismissal could not compel Plaintiffs to obey Court orders, appear at hearings, or prosecute their case. Accordingly, this factor supports dismissal.[7]

---

[7] To bolster its recommendation, the Court notes that Plaintiffs have yet to file a notice with their updated contact information. Local Rule 83.1(h) ("A *pro se* party shall similarly

10

E.   <u>Public Policy Favoring Disposition of Cases on Their Merits</u>

Finally, the Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

In sum, given that four of the five <u>Pagtalunan</u> factors favor dismissal, this action should be dismissed for failure to comply with Court orders and rules, and for failure to prosecute.

<u>CONCLUSION</u>

Based on the foregoing, this Court RECOMMENDS that the action be DISMISSED pursuant to FRCP 41(b).

---

file and serve on all other parties who have appeared in the action any change of address, and the effective date of the change. The notice required by this rule shall be filed within fourteen (14) days of the change."). Parties who fail to comply with this requirement may be subject to sanctions, "including but not limited to monetary fines, dismissal of the case, or entry of judgment." <u>Id.</u> Although the Court does not have a current mailing address for Plaintiffs, it has served orders via first class mail to the address on record. The November 14, 2017 EO was additionally served via email. Defendants have also served Plaintiffs with the relevant orders via first class mail and email. Doc. Nos. 90, 95, 106.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, November 17, 2017.



```
                                    _____
                                    Kevin S.C. Chang
                                    United States Magistrate Judge
```

CIVIL NO. 16-00175 DKW-KSC; WILKINSON, ET AL. V. AOAO VILLA ON EATON SQUARE, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION